**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-02365-NYW-CYC

WESTPRO, LTD. d/b/a WESTPRO HOME EXTERIORS,

Plaintiff,

v.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,

Defendant.

---

## ORDER ON MOTION TO DISMISS

---

This matter is before the Court on Defendant's Partial Motion to Dismiss (the "Motion" or "Motion to Dismiss"). [Doc. 12]. For the reasons set forth in this Order, the Motion to Dismiss is respectfully **GRANTED**.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint, [Doc. 4], and are presumed true for purposes of this Order. In 2023, a hailstorm damaged property owned by Ann and Dean Keller (the "Kellers"). [*Id.* at ¶¶ 4, 9]. At the time of the loss, the Kellers were insured through Defendant Allstate Vehicle and Property Insurance Company ("Defendant" or "Allstate"). [*Id.* at ¶ 4]. Allstate initially denied coverage for the loss, but later "admitted that covered damage" had occurred. [*Id.* at ¶¶ 13, 16].

In July 2025, the Kellers assigned their insurance contract to Plaintiff Westpro, Ltd., d/b/a Westpro Home Exteriors ("Plaintiff" or "Westpro"). [*Id.* at ¶ 20]. In August of that year, Westpro completed repairs to the Kellers' property and invoiced Allstate $54,555.94 for the work. [*Id.* at ¶ 21]. Allstate denied coverage and refused payment.

[*Id.* at ¶¶ 26, 29].

Westpro sued Allstate in state court, *see* [*id.* at 1], and Allstate removed the case to federal court on May 28, 2026 based on diversity jurisdiction, [Doc. 1]. Plaintiff asserts a breach of contract claim, [Doc. 4 at ¶¶ 27–32]; a claim for unjust enrichment, [*id.* at ¶¶ 33–39]; and a claim for unreasonable delay or denial under Colo. Rev. Stat. §§ 10-3-1115 and -1116, [*id.* at ¶¶ 40–51]. Allstate now moves to dismiss the unjust enrichment claim. [Doc. 12].

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). And because the Court sits in diversity, it applies Colorado substantive law when evaluating whether Plaintiff states a claim under Rule 12(b)(6). *Rancho Lobo, Ltd. v. Devargas*, 303 F.3d 1195, 1200 (10th Cir. 2002).

## ANALYSIS

Defendant moves for dismissal of Plaintiff's unjust enrichment claim because, in its view, the unjust enrichment claim and Plaintiff's breach of contract claim are mutually

exclusive. [Doc. 12 at 5]. It is well settled that, generally, "a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003); *see also Bd. of Governors of the Colo. State Univ. v. Alderman*, 563 P.3d 1205, 1213 (Colo. 2025) ("[A] party may not assert a claim for unjust enrichment if a valid contract covers the same subject matter."). But if "(1) the express contract fails or is rescinded," or "(2) the claim covers matters that are outside of or arose after the contract," then a plaintiff may still recover for unjust enrichment despite the existence of a contract. *Pulte Home Corp. v. Countryside Cmty. Ass'n*, 382 P.3d 821, 833 (Colo. 2016).

Recently, the Colorado Supreme Court clarified that the availability of an unjust enrichment claim does not turn on the viability of a corresponding breach of contract *claim*, but the viability or enforceability of the *contract itself*. *See Alderman*, 563 P.3d at 1213. In *Alderman*, the Colorado Supreme Court reviewed an appellate court decision essentially ruling that, because the plaintiffs' breach of contract *claims* failed (and they could not recover on those claims), the plaintiffs could proceed on their unjust enrichment claims. *See id.* at 1210–11. Since there was "no dispute that an implied-in-fact contract" existed between the parties, and because "a party cannot properly state a claim for unjust enrichment when a legally enforceable contract exists that covers the same subject matter and that contract has not been abrogated or rescinded," the Colorado Supreme Court ruled that the plaintiffs' unjust enrichment claims failed as a matter of law. *Id.* at 1213–14. In other words, the fact that the plaintiffs could not succeed on a breach of contract claim did not permit them to proceed on an unjust enrichment claim in the

alternative.

Allstate argues that because the Kellers' insurance policy "is allegedly a legally enforceable contract and covers the same subject claimed in the unjust enrichment claim," Westpro's unjust enrichment claim should be dismissed. [Doc. 12 at 5]. It argues that neither of the two recognized exceptions to this rule applies because "[t]here are no allegations in the Complaint that the [insurance] policy was rescinded or failed" and no allegations of any benefit to Allstate that would "fall outside of the policy." [*Id.*]. Westpro responds that its unjust enrichment claim is pleaded in the alternative "depend[ing] on the validity of the assignment from the Kellers," which is permitted under Rule 8 of the Federal Rules of Civil Procedure. [Doc. 13 at 2, 4–5]. It asserts throughout its Response that if, for some reason, the Kellers' assignment to Westpro is deemed invalid (thus precluding its breach of contract claim), then Westpro will be able to proceed on its unjust enrichment claim because it will have no enforceable rights under the insurance policy. *See, e.g.*, [*id.* at 2, 5, 6, 8].

The Court is respectfully unpersuaded by Plaintiff's arguments. If the assignment from the Kellers to Westpro is valid and enforceable, then Westpro will stand in the shoes of the Kellers and may sue to collect benefits allegedly owed under the Kellers' insurance policy. *See White River Vill., LLP v. Fid. & Deposit Co. of Md.*, No. 08-cv-00248-REB-BNB, 2009 WL 792728, at *7 (D. Colo. Mar. 23, 2009) ("An assignee of a contract stands in the shoes of the assignor.") (citing *Dean Witter Reynolds Inc. v. Variable Annuity Life Ins. Co.*, 373 F.3d 1100, 1110 (10th Cir. 2004)). There appears to be no dispute that, in that scenario, there would be "an express contract cover[ing] the same subject matter" and Westpro would be unable to proceed on an unjust enrichment claim. *Interbank Invs.*,

77 P.3d at 816; *see also* [Doc. 13 at 2].

Instead, Plaintiff characterizes its unjust enrichment claim as an alternative cause of action against Allstate in case the assignment, "for whatever reason," fails. [Doc. 13 at 2]. In the response brief, Plaintiff frames its unjust enrichment claim as follows:

> Allstate owes a debt to the Kellers for the amount of the insurance benefits due and owing under the Policy. . . . Westpro completed the repairs to the Kellers' property—paying for the materials, labor and other necessary costs—thus satisfying the debt Allstate owed to the Kellers to indemnify them for the property damage. Allowing Allstate to keep the insurance benefits would be a windfall for the insurance company.

[*Id.* at 6]. Plaintiff asserts that a "benefit" includes satisfying the debt of another, so it conferred a benefit onto Allstate. [*Id.*].[1]

The Court, however, is respectfully unpersuaded by this argument. To the extent that Westpro somehow satisfied a debt owed by Allstate, Allstate would only owe such a contractual debt to the Kellers *under the insurance policy*. *See* [Doc. 4 at ¶ 37 ("Defendant's retention of the payment for the work services by Plaintiff is unjust because the repair services are covered benefits due and owing under the Policy. Defendant has *a contractual obligation to remit payment* for the value of the repair services performed by Plaintiff and Plaintiff is entitled to that payment." (emphasis added))]. The insurance policy must be invalid or be unenforceable for there to be a viable unjust enrichment claim, *see Alderman*, 563 P.3d at 1214, but if the policy were deemed invalid or unenforceable, there would be no debt owed by Allstate that Westpro could have satisfied.

If the Kellers' assignment to Westpro fails, Westpro is simply a third-party

[1] To state an unjust enrichment claim, Plaintiff must allege that "(1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008).

contractor that the Kellers engaged to perform work on their home. While Westpro alleges that it repaired the Kellers' home at its own expense, even construing that allegation in the light most favorable to Westpro, the benefit conferred was onto *the Kellers*, not Allstate.[2] *See* [Doc. 4 at ¶ 21 ("In August of 2025, Plaintiff completed repairs to the Property, and invoiced [the Kellers] $54,555.94 for repairs they performed."); *id.* at ¶¶ 34–35]. There are no allegations in the Complaint that Allstate requested or approved of Westpro's work or that Allstate ever suggested it would pay for Westpro's work on the Kellers' property. *See* [*id.*]. To the contrary, Westpro alleges that the Defendant first denied coverage for the property loss claimed and then indicated that the damages from the storm were less than the Kellers' deductible, so there would accordingly be no payment issued. [*Id.* at ¶¶ 13, 15]. In other words, Westpro has not plausibly alleged that it conferred a benefit onto Allstate, and as a result, it has not plausibly alleged one of the necessary elements of an unjust enrichment claim. *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008). To accept Westpro's theory would be to conclude that any contractor that performs work for a homeowner would have a viable unjust enrichment claim against an insurer when the insurer (and presumably, the insured) refuse to pay for work performed—regardless of an assignment or circumstance. This simply is untenable.

To be sure, courts have declined to dismiss unjust enrichment claims pled in the alternative, since "[t]he Federal Rules of Civil Procedure allow a party to include alternative or inconsistent claims in its complaint." *United Water & Sanitation Dist. v. Geo-*

[2] Plaintiff's reliance on *Backus v. Apishapha Land & Cattle Co.*, 615 P.2d 42 (Colo. App. 1980), *see* [Doc. 13 at 5], is misplaced. In *Backus*, the failure of the assignment did not change the fact that the plaintiff had conferred a benefit onto the defendant.

*Con, Inc.*, 488 F. Supp. 3d 1052, 1058 (D. Colo. 2020) (citing Fed. R. Civ. P. 8(d)(2), (3)). But this case is distinguishable, as Plaintiff has not alleged facts plausibly establishing a scenario in which it conferred a benefit onto Allstate distinct from the policy. Dismissal under Rule 12(b)(6) is appropriate.

For the reasons set forth in this order, the Motion to Dismiss is respectfully **GRANTED**. Plaintiff's unjust enrichment claim is **DISMISSED with prejudice**.[3]

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Defendant's Partial Motion to Dismiss [Doc. 12] is **GRANTED**; and

(2) Plaintiff's unjust enrichment claim is **DISMISSED with prejudice**.

DATED: October 29, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

---

[3] "[D]ismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quotation omitted). Based on the nature of the claims and allegations in this case, the Court concludes that the pleading deficiency identified herein could not be cured by amendment. Accordingly, dismissal with prejudice is appropriate.